# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIA RHOADES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N14C-08-019 CLS |
| | ) | |
| LARRY CLINKSCALE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Decided: July 20, 2016

On State Defendants' Motion for Reargument. **GRANTED.**

## ORDER

Daniel C. Herr, Esquire, The Norman Law Firm, Wilmington, Delaware, Attorney for Plaintiff.

Joseph C. Handlon, Esquire, Roopa Sabesan, Esquire, Deputy Attorneys General, Department of Justice, Wilmington, Delaware, Attorneys for State Defendants.

**SCOTT, J.**

On this 20th day of July, 2016, and upon State Defendants', Warden Wendi Caple and then-Deputy Warden Robert May (collectively, "State Defendants"), Motion for Reargument, the Court finds as follows:

1. On December 14, 2015, this Court entered an order denying State Defendants' motion to dismiss. State Defendants timely filed their motion for reargument of that order on December 21, 2015, arguing that the issue of qualified immunity must be considered before discovery begins. Plaintiff filed her response in opposition to State Defendants' motion on January 25, 2016. On April 25, 2016, the Court held an office conference with the Parties, where the Court's rules regarding the form of motions was discussed and decision on the pending motion for reargument was reserved.

2. Superior Court Civil Rule 78(b) requires, *inter alia*, that motions be double spaced and typeset in Times New Roman 14-point type, except that footnotes shall be single-spaced and typeset in Times New Roman 12-point type, and are limited to six pages in length.[1] State Defendants' motion to dismiss failed to comply with this rule, which Plaintiff correctly observed in her response in opposition, by applying

---

[1] Super. Ct. Civ. R. 78(b), as amended Sept. 4, 2014.

1

more condensed line spacing.[2] As to State Defendants' substantive qualified immunity argument, it appeared in the last paragraph on the last page of their motion.[3]

3. Plaintiff does not argue that the Court may not reconsider State Defendants' motion to dismiss. Instead, Plaintiff argues that State Defendants' motion for reargument should be denied, because qualified immunity does not apply under the circumstances.

4. "Because qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'"[4] The Supreme Court has made clear that "'the driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims against government officials will be resolved prior to discovery.'"[5] Thus, the issue of qualified immunity should be resolved as early as possible.[6]

---

[2] *See* State Defs.' Mot. to Dismiss (Trans. ID 56274845) (consisting of six pages comprised of less than double spaced type and footnotes of smaller than 12-point type); Pl.'s Resp. in Opp. 1 n.1 (Trans. ID 56322319) (requesting that the Court ignore the last one and one half pages of State Defendants' motion).

[3] *Id.* at ¶ 8; *cf. Kostyshyn v. Bd. of Adjustment (Town of Bellefonte)*, 2007 WL 3380126, at *3 (Del. Super. Aug. 17, 2007) (finding defect not fatal to Court's consideration of the motion where page limit exceeded merely by one conclusion sentence and signature line).

[4] *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

[5] *Id.* at 231-32 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1985) (emphasis deleted)).

[6] *Id.* at 232 (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)).

5. On a motion for reargument under Superior Court Civil Rule 59(e), the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[7] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[8] A motion for reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[9] A party seeking to have the Court reconsider the earlier ruling must "demonstrate newly discovered evidence, a change in the law, or manifest injustice."[10]

6. In the interests of justice, the Court will reconsider its order in light of whether the doctrine of qualified immunity applies to bar Plaintiff's claims against State Defendants, as previously raised in their motion to dismiss. While a motion for reargument may not be used by a party simply to rehash the arguments already decided by the Court, the

---

[7] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000), *aff'd*, 763 A.2d 90 (Del. 2000).
[8] *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[9] *Id.*
[10] *Brenner*, 2000 WL 972649, at *1.

circumstances here were such that the Court never considered State Defendants' qualified immunity argument in the first place.

7. Qualified immunity protects government officials, including prison officials, "from liability for civil damages when they are performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[11] Courts may grant qualified immunity on the ground that a purported right was not clearly established, without resolving the question of whether the purported right exists at all.[12] "When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law."[13]

8. In considering whether a right is clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."[14] Further, the Supreme Court does "not require a case directly on point, but existing precedent must have placed the statutory or constitutional question

---

[11] *Walls v. Little*, 2011 WL 5288871, at *3 (Del. Super. Aug. 15, 2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).
[12] *Pearson*, 555 U.S. at 231.
[13] *Ashcroft v. al-Kidd*, 563 U.S. ___, ___, 131 S. Ct. 2074, 2085 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).
[14] *Anderson*, 483 U.S. at 640; *see Pearson*, 555 U.S. at 244 (quoting *Wilson v. Layne*, 526 U.S. 603, 614 (1999) ("This inquiry turns on the 'objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'").

4

beyond debate."[15] Further, it is possible that "a robust consensus of cases of persuasive authority in the Courts of Appeals could itself clearly establish the federal right respondent alleges."[16]

9.  Thus, State Defendants argue that qualified immunity applies to Plaintiff's claims against them, because Plaintiff has failed to identify a right to a particular procedure or protocol that has been clearly established by either Supreme Court case law or by a robust consensus of persuasive authority. Relying on *Taylor v. Barkes*, a recent Supreme Court case involving the Eighth Amendment and, specifically, an incarcerated person's right to the proper implementation of adequate suicide prevention protocols,[17] State Defendants identify the right in question as the failure to train or comply with PREA, *i.e.*, a right to a particular procedure or protocol, as opposed to the right not to be subjected to abuse in prison.

10. In response, Plaintiff argues that, at the time of Defendant Clinkscale's alleged misconduct, the Prison Rape Elimination Act of 2003

---

[15] *Taylor v. Barkes*, ___ U.S. at ___, 135 S. Ct. 2042, 2044 (2015) (quoting *Reichle v. Howards*, 566 U.S. ___, ___, 132 S. Ct. 2088, 2093 (2012)).

[16] *Id.* (quoting *City & Cnty. of San Francisco v. Sheehan*, 575 U.S. ___, ___ 135 S. Ct. 1765, 1779 (2015)); *see Pearson*, 555 U.S. at 244 (finding officers entitled to rely on cases from three Federal Courts of Appeals and two State Supreme Courts, where no court of appeals had issued a contrary decision, without facing personal liability for their actions).

[17] *Taylor*, ___ U.S. at ___, 135 S. Ct. at 2044.

5

("PREA") was clearly established and included parameters that states are to follow to avoid rape within their prisons. Therefore, Plaintiff argues, because her complaint adequately alleged that State Defendants failed to comply with PREA, which concerns both supervision and training, qualified immunity does not apply.

11. However, in her complaint, Plaintiff alleges that "[t]he Eighth Amendment secures inmates' rights not to be sexually abused, assaulted, or raped."[18] Further, she alleges that she, "while incarcerated, had a right to be secure in her bodily integrity and free from sexual abuse, sexual assaults, and rapes by DOC and Baylor COs (as well as other DOC and Baylor employees and agents)."[19]

12. While State Defendants correctly point out that Plaintiff's response in opposition to their motion to dismiss cited to only one case—*Farmer v. Brennan*, a deliberate indifference case involving claims against prison officials arising from violent and sexual attacks allegedly suffered by the plaintiff in violation of his Eighth Amendment rights, the Court, however, recognizes that *Farmer* clearly reaffirms an inmate's constitutional rights under the Eighth Amendment to be free from excessive physical force, to receive adequate food, clothing, shelter,

---

[18] Compl. ¶ 96 (Trans. ID 55925261).
[19] *Id.* at ¶ 97.

and medical care, and to reasonable measures guaranteeing her safety or preventing harm to her, while limiting prison officials' constitutional liability for violations of Eighth Amendment rights to instances constituting deliberate indifference.[20] Along the same lines, State Defendants, in fact, concede that "Plaintiff undoubtedly is entitled not to be subjected to abuse in prison."[21]

13. Consequently, because the "clearly established" analysis required in consideration of the applicability of qualified immunity under the circumstances depends on the contours of the right in question, the Court is persuaded by Plaintiff's argument, albeit cursory, distinguishing *Taylor v. Barkes* from the instant case.[22]

14. Against the backdrop of over 30 years of Supreme Court cases building on the "objective legal reasonableness" touchstone of qualified immunity laid down by *Harlow*, such as *Anderson* and *Ashcroft*, to name a few, it bears repeating that the clearly established inquiry "must be taken in light of the specific context of the case, not as a broad general proposition."[23] Because the specific context of the case *sub*

---

[20] 511 U.S. 825, 832-34 (1994).
[21] State Defs.' Mot. to Dismiss ¶ 8.
[22] Pl.'s Resp. in Opp. to State Defs.' Mot. for Rearg. ¶ 2 (Trans. ID 58472329).
[23] *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).

7

*judice*, a confinement case arising from alleged violations of certain, arguably clearly established, rights guaranteed by the Eighth Amendment, differs from cases implicating the Fourth Amendment's prohibition of unreasonable searches and seizures and, likewise, the Fifth Amendment's right to due process, the Court is keen to avoid the risk invited by blindly applying the common sense principle espoused by the Supreme Court cases mentioned above, which was simply created to avoid "convert[ing] the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights," to Plaintiff's claims here and over-particularizing the rights at issue into oblivion—when all that is required is a showing "that in the light of pre-existing law the unlawfulness [of the official's actions] must be apparent."[24]

15. Accordingly, because it appears to the Court that the Parties are very nearly at opposite ends of the spectrum with regard to the framing of the legal right(s) at issue and neither has thought to address the justification for either position, the Court believes that supplemental

---

[24] *Anderson*, 483 U.S. at 639-40. For example, in *Hinojosa v. Livingston*, the Fifth Circuit rejected the defendant's framing of the right in question, *i.e.*, the right to an air-conditioned cell or to around-the-clock medical case, as confusing right with remedy, where the actual right in question raised by the complaint was the right to be free from exposure to extremely dangerous temperatures without adequate remedial measures under the Eighth Amendment, which had been clearly established by existing circuit case law. 807 F.3d 657, 669 (5th Cir. 2015).

memoranda would be of assistance in fairly determining the important constitutional issues raised by the Parties.

16. Furthermore, as it is not entirely clear from the complaint and subsequent submissions whether Plaintiff bases her § 1983 claim solely on State Defendants' alleged violation of the Eighth Amendment or whether she also bases her claim on State Defendants' alleged violation of the Prison Rape Elimination Act of 2003, the Court requests clarification in light of *Davis v. Scherer*, which requires a showing that the statute itself or the laws authorizing its promulgation "create a cause of action for damages or provide the basis for an action brought under § 1983."[25]

17. For the foregoing reasons, State Defendants' Motion for Reargument is hereby **GRANTED**. As discussed *supra*, the Parties are directed to file supplemental memoranda—with particular attention to (i) discussing any need to further particularize an inmate's Eighth Amendment right to be free from cruel and unusual punishment beyond the right to be free from sexual assault from prison guards, (ii) identifying the appropriate contours the Court should apply to any asserted statutory or constitutional right allegedly violated by State Defendants, and,

---

[25] 468 U.S. 183, 194 n.12 (1984).

thereafter, (iii) addressing whether any such particularized right was clearly established at the time of State Defendants' alleged misconduct—in substantial conformity with Rule 78(b) by August 10, 2016.

**IT IS SO ORDERED.**

_____
**Judge Calvin L. Scott, Jr.**

cc: Prothonotary